



U*K

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 17, 1939

Honorable Robert J. Allen
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-560
Re: Whether a petition to abol-
ish a Rural High School Dis-
trict may be remanded by the
signers by a subsequent pe-
tition

     We beg to acknowledge receipt of your letter of March 25, 1939, wherein you request the opinion of this Department on the following question:

     In July 1936 the Board of County School Trustees of Lubbock County created the Idalou Rural High School composed of one independent school district and two common school districts in accordance with Article 2922a of the Revised Civil Statutes of Texas. Recently petitions have been circulated containing the signatures of a major- ity of the voters in each of the three component districts, petitioning the County Board of School Trustees to abolish the said Idalou Rural High School District. Subsequent thereto other petitions have been circulated requesting the removal of the names of the signers to the first peti- tion and requesting that said Idalou Rural High School District be not abolished. These later petitions were signed up before the first petition was presented to the County Board of School Trustees. You ask us "whether or not the subsequent petition requesting the Board to dis- regard their names on the original petition should be re- cognized by them, or whether they should merely consider the original signed petition to abolish" the Rural High School District.

     Abolition of rural high school districts is pro- vided for in the same statute which provides for their creation, being Article 2922a of the Revised Civil Statu- tes of Texas, the abolishment provision of which reads as follows:

Hon. Robert J. Allen, April 17, 1939, Page 2

     "Provided that the county school trustees
shall have the authority to abolish a rural
high school district on a petition signed by
a majority of the voters of each elementary
district composing the rural high school dis-
trict and when such district has been abolish-
ed the elementary districts shall automatically
revert back to their original status, with the
exception that in the event there are any out-
standing indebtednesses against the said rural
school district each elementary district shall
assume its proportional part of the debts."

     It is clear that under the above statute the
county school trustees have of themselves no power to
abolish a rural high school district unless they are first
authorized to do so by "a petition signed by a majority
of the voters of each elementary district composing the
rural high school district." The Commission of Appeals
of Texas has so construed a similar statute in the case
of Mesquite Independent School District v. Gross, 67 S.
W. (2d) 242. We quote from that opinion:

     "The plain words of the statute limits
the potential jurisdiction of the school board
to instances where it is presented with the
statutory petition. If the statutory petition
is absent, the jurisdiction of the board is
utterly lacking. In other words, unless and
until the board is presented with the statu-
tory petition, it has no jurisdiction in the
premises."

     Article 2922a, R. C. S., has repeatedly receiv-
ed judicial sanction by the court. There can, therefore,
be no question as to the validity of the procedure there-
in outlined which makes petitions signed by a majority
of the qualified voters of each of the component districts
an essential prerequisite before which the board of county
school trustees cannot act to abolish such a rural high
school district.

     We have been unable to find any Texas author-
ities directly in point on the question of whether a
signer of a petition may subsequently revoke his act in
so signing the petition. The authorities on this ques-
tion in other jurisdictions are not uniform but the



Hon. Robert J. Allen, April 17, 1939, Page 3

decided weight of authority follows the rule that one who signs a petition may subsequently revoke his signature prior to the time that the petition has been acted upon.

We quote from 15 Corpus Juris at p. 402:

"An elector may legally sign two or more non-competing petitions and he may withdraw his signature by a written communication, without appearing in person. The withdrawal may be made after the date fixed for hearing and before final action:" State v. Furnish, 48 Montana 28, 134 Pac. 297.

Quoting from 33 Corpus Juris at p. 626:

"A petitioner for a local option petition may withdraw his name from the petition at any time before the petition has been acted upon." Grover v. Newton, 154 Kentucky 479, 157 S.W. 716.

The Supreme Court of Montana, in the case of State v. Kie, 53 Montana 138, 162 Pac. 164, said:

"Counsel on both sides correctly assumed that it was the duty of the board to permit such of the petitioners as desired to do so to withdraw their names from the petition - - - - The right of petition from its nature implies the right of withdrawal, because, upon further discussion and more mature reflection as to the desirability of the accomplishment of the purpose sought by the petition, the petitioner may change his conviction."

In State v. Boyden, 21 S. Dakota 6, 108 N. W. 897, the Supreme Court of South Dakota held that the signers of a petition to call an election to move the county seat could remove their names from the petition, either by striking them therefrom or by a subsequent petition any time before it was acted upon.

The logic and reason behind this rule has been most forcefully explained by the Supreme Court of Wisconsin in La Londe v. Board of Supervisors of Barron County, 49 N. W. 960:

"The learned circuit judge held that the board had the right to allow persons who had signed the petition to withdraw their names therefrom, or to strike their names from the petition, when requested so to do by the signers, before the petition was finally acted upon by the board. Was that a correct view of the matter? We think it was, and that it was in accord with reason and common sense. For what valid objection is there, either in law or on grounds of public policy, against allowing a person who has signed a petition asking for a removal of the county-seat from withdrawing his name from the petition before it is acted upon by the board? As the learned counsel for the defendants say, a person may have been deceived or entrapped, or through inadvertence or thoughtlessness may have signed such a petition, and, on reflection, and before action is taken on it, may desire to correct his action, and withdraw his name. Why should he not have the right and privilege of doing so? An intelligent man, acting deliberately and understandingly, may change his mind on such a question, and conclude he has made a mistake in asking for a change of the county-seat and that the public interest will be promoted by having the county-seat remain where it is. All this is plain and obvious to any one reflecting on the subject."

As heretofore stated, the authorities are not in entire accord on this question but by far the greater number of states follow the holding and the reasoning of the above cited case by the Supreme Court of Wisconsin. See: Hays v. Jones, 27 Ohio State 218; Hard v. Elliott, 33 Indiana 220; State v. Eggleston, 34 Kan. 714, 10 Pac. 3; State v. Nemaha Co., 10 Neb. 32, 4 N. W. 373.

Both the weight of authority and the reasoning upon which the cases are based incline us toward the view that one who signs a petition may subsequently, upon changing his mind, revoke his act either by striking his name from the petition himself or by signing a revoking petition. We can see no just reason for considering the signing of a petition an irrevocable act. In our opinion a petition which is being circulated among the voters is

in the nature of an ambulatory instrument which may be altered or revoked by the signers thereto until the same has been acted upon for the purposes which it was designed to serve or until someone has relied theron to his detriment.

Replying specifically to the question presented in your letter we respectfully advise you that it is the opinion of this Department that the effect of the second series of petitions which ask the removal of the signers' names from the first petition and ask that the Idalou Rural High School District be not abolished had the effect of revoking the signatures of those persons on the first petition which requested the County Board of School Trustees to abolish the Idalou Rural High School District. If after subtracting from the number of those who signed the first petition, the names of those who signed the revocating petition, the remaining number is not sufficient to constitute a majority of the qualified voters of each elementary district composing the Idalou Rural High School District it follows that under the authority of Article 2922a, Revised Civil Statutes of Texas, the Board of County School Trustees is not empowered to abolish the rural high school district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

WRK:LM

APPROVED:

ATTORNEY GENERAL OF TEXAS